UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MICHAEL WALKER** | : | **CIVIL ACTION NO. 2:15-CV-763** |
| **DOC # 93207** | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **MICHAEL B. CAZES, ET AL** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the pro se civil rights complaint filed in forma pauperis by plaintiff Michael Walker (hereinafter "Walker"). Walker is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (hereinafter "LDOC") and is incarcerated at Allen Correctional Center (hereinafter "ACC") in Kinder, Louisiana.

As defendants Walker names West Baton Work Release Program Director Joe Arabie, West Baton Rouge Parish Sheriff Michael B. Cazes, and ACC Disciplinary Hearing Manager Michelle Harmon.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### I.
#### BACKGROUND

Walker alleges that from January 26, 2015, through February 10, 2015, Arabie assigned him to trustee detail working eight hours a day without compensation. Doc. 1, p. 3. He claims that he worked in Sheriff Cazes's gardens for eleven days and then worked in the towns of Brusly and Addis picking up trash. *Id.* Walker states that he sent Arabie two written forms requesting payment for his work and also informed him that he was breaking the law by refusing to pay him.

Doc. 1, p. 4. Walker contends that Arabie confronted Walker and had him administratively removed from the Work Release Program. *Id.* Walker states that he was re-booked into the West Baton Rouge Detention Center, placed in lock down, and issued a disciplinary report charging him with administrative removal. *Id.*

Walker was transferred to ACC on February 16, 2015. *Id.* On February 20, 2015, he was brought before ACC's disciplinary board, where he was found guilty of an aggravated work offense. Doc. 10, p. 2. Walker states that he appealed the finding and requested copies of the documents used by the disciplinary board to convict him. *Id.* In response, he alleges that he was given a "fabricated" report. *Id.* Walker claims that defendant Harmon knew about the fabricated report before the disciplinary hearing but nevertheless violated his due process rights by proceeding with the hearing. *Id.* A disciplinary report attached to Walker's amended complaint shows that as a result of the alleged violation he lost forty-eight days of phone and recreation privileges. Doc. 10, att. 1, p. 2.

As relief for the above, Walker seeks production of various documents, expungement of the disciplinary action from his record, restoration of property that was taken from him, and compensatory damages. Doc. 10, pp. 3-4.

## II.
## LAW AND ANALYSIS

### A. Frivolity Review

Walker has been granted leave to proceed in forma pauperis under 28 U.S.C. § 1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. See, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d

1016, 1019 (5th Cir.1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir.1997)).  A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief.  *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir.1998).  When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true.  *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir.1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

### B.  42 U.S.C. § 1983

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States.  42 U.S.C. §1983.  Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated.  If no constitutional violation has been alleged, there is no cognizable claim under §1983.  In order to hold the defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. *See Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir.1985).

The court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his complaint should therefore be dismissed with prejudice.

### C. Defendant Michelle Harmon--Loss of Privileges and Change of Status

Walker claims that as a result of the disciplinary hearing he lost 48 days of telephone and recreational privileges and was removed from the work release program. He claims that this deprivation of his liberty interests violates the Due Process Clause of the Fourteenth Amendment.

"[T]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *Sandin v. Conner,* 515 U.S. 472, 478 (1995). The federal jurisprudence holds that, while the states may under certain circumstances create rights that implicate Due Process, such rights are limited to freedom from restraints that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. In other words, when a prisoner is lawfully incarcerated, he loses by virtue of his confinement, many of the rights and privileges that most citizens enjoy. *See Madison v. Parker,* 104 F.3d 765, 767 (5th Cir. 1997). Thus, mere "changes in the conditions of … confinement … do not implicate due process concerns." *See Madison,* 104 F.3d at 768; *see also Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999) ("Inmates have no protectable property or liberty interest in custodial classifications.").

We note that Walker did not lose good time credit as a result of the allegedly defective disciplinary proceedings and, therefore, his change in status and loss of privileges do not amount to an "atypical" hardship. *See Sandin, supra; Meachum v. Fano,* 427 U.S. 215, 228 (1976).

### D. Defendants Michael B. Cazes and Joe Arabie

Walker claims that Sheriff Cazes and Joe Arabie subjected him to various violations of his civil rights. However, neither defendant resides within the Western District of Louisiana nor did any of the alleged actions involving these defendants occur in the Western District. Further, any witnesses to the complained of actions as well as the files or records pertaining to these actions are

presumably located in the Middle District of Louisiana. Title 28 U.S.C. §§ 1406(a) and 1404(a) allow transfer of a case from one district to another district or division in which venue is proper, for the convenience of parties and witnesses and in the interest of justice.

Since we are recommending dismissal of Walker's claims against Michelle Harmon and all matters relative to the events that occurred in the Western District of Louisiana, the only remaining claims will be against West Baton Rouge Sheriff Michael B. Cazes and Joe Arabie, Director of West Baton Rouge Work Release Program. Thus, it is in the interest of justice and fairness to the parties we recommend that this civil action be transferred to the United States District Court for the Middle District of Louisiana for further consideration.

### III.
#### CONCLUSION

For reasons stated,

**IT IS RECOMMENDED** that Walker's civil rights complaint as to Michelle Harmon and all matters relative to the events that occurred in the Western District of Louisiana be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**IT IS ALSO RECOMMENDED** that Walker's civil rights action against West Baton Rouge Sheriff Michael B. Cazes and Joe Arabie, Director of West Baton Rouge Work Release Program be transferred to the United States District Court for the Middle District of Louisiana for further consideration.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's

objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 27th day of October, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE