UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL WALKER (#193772)

VERSUS

MICHAEL B. CAZES, ET AL.

CIVIL ACTION

NO. 16-146-JWD-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 15, 2016.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL WALKER (#193772)

VERSUS

MICHAEL B. CAZES, ET AL.

CIVIL ACTION

NO. 16-146-JWD-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate currently incarcerated at the Allen Correctional Center, Kinder, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against West Baton Rouge Sheriff Michael B. Cazes and Joe Arabie, Director of the West Baton Rouge Work Release Program, complaining that his constitutional rights were violated when he was forced to work on the private property of Sheriff Cazes and in the towns of Brusly and Addis, without pay, and was subsequently administratively removed from the West Baton Rouge Work Release Program by Director Arabie when he sought compensation for his work.[1]  The plaintiff is seeking compensatory and punitive damages.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted.  An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v.*

---

[1] The plaintiff initially filed his Complaint in the Western District of Louisiana because, allegedly after seeking compensation for the work done on Sheriff Cazes' property and in the towns of Brusly and Addis, he was issued a disciplinary report charging him with administrative removal.  The plaintiff was subsequently transferred to Allen Correctional Center, where he was allegedly found guilty of an aggravated work offense.  All claims relative to matters occurring in the Western District, including the disciplinary proceedings, were dismissed as frivolous and for failure to state a claim. The plaintiff's remaining claims against defendants Cazes and Arabie were transferred to this Court.

*Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1999 (5th Cir. 1986).

In his Complaint, the plaintiff alleges that from January 26, 2015 through February 10, 2015, he was assigned to a trustee detail by defendant Director Arabie. He further alleges that for 11 days he was forced to work without pay in defendant Sheriff Cazes' gardens, and for one day picking up trash in the towns of Brusly and Addis. The plaintiff further alleges that he submitted two request forms to Director Arabie seeking compensation for his work, which were ignored until February 10, 2015 when Director Arabie administratively removed the plaintiff from the West Baton Rouge Work Release Program.

The plaintiff's Complaint fails to state a claim of constitutional dimension. Compelling an inmate to work without pay, whether on public or private property, is not unconstitutional. An inmate is not entitled to damages for violation of his constitutional or civil rights on the basis the he was compelled to work without pay, even if such work violates state law. *See Murray v. Mississippi Dept. of Corrections,* 911 F. 2d 1167, 1168 (5th Cir. 1990).

Furthermore, inmates do not have a protected liberty interest in their custodial classification. *Wilson v. Budney,* 976 F.2d 957 (5th Cir. 1992); *McGruder v. Phelps,* 608 F.2d 1023 (5th Cir. 1979). Moreover, inmates have no protected liberty interest in specific recreational, educational or rehabilitative opportunities, including work release programs, while confined. *See Braxton v. Gusman,* 2011 WL 802622 (E.D. La., Feb. 7, 2011) and cases cited therein (dismissing as frivolous an inmate's claim that he lost his prison job and was transferred to another area of the prison for conduct of which he was not guilty). Finally, prison administrators are accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are appropriate to preserve internal order and discipline and to maintain institutional security. *Hewitt v. Helms,* 459 U.S. 460, 872 (1983). So long as the conditions and degree of confinement to which an inmate is subjected are within the sentence imposed on the inmate and do not otherwise violate the constitution, the due process clause does not itself subject a prison official's treatment of an inmate to judicial oversight. *Id.* Where the decision to keep an inmate is reasonably related to legitimate security objectives and is not an exaggerated response to security considerations, there is no denial of due process. *McCord v. Maggio,* 910 F.2d 1248 (5th Cir.1990).

A loss of trustee status and removal from a work program do not constitute atypical punishment within the context of prison life which would entitle the plaintiff to additional

protections under the Due Process Clause. *See Lewis v. Dretke,* 54 Fed. Appx. 795 (5th Cir. 2001) (trustee status), *citing Sandin v. Conner,* 515 U.S. 472 (1995); *Evans v. Mississippi Dept. of Corrections,* 2008 WL 410647 (N.D. Miss, Feb. 12, 2008) (work eligibility). As such, the plaintiff's claims lack an arguable basis in the law.

Finally, to the extent that the plaintiff seeks to invoke the supplemental jurisdiction of this Court over his claims arising under state law, a district court may decline to exercise supplemental jurisdiction if the state law claims raise novel or complex issues of state law, if the claims substantially predominate over claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having concluded that the plaintiff's federal claims should be dismissed, the Court recommends that supplemental jurisdiction over the plaintiff's state law claims be declined.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that the plaintiff's action be dismissed, with prejudice, as legally frivolous, and for failure to state a claim upon which relief may be granted[2] pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

Signed in Baton Rouge, Louisiana, on April 15, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."